(February 21, 1956)

■ PAUL MADDAUS, Appellant, v. WILLIAM GOFFEN, Respondent.

MEMORANDUM BY THE COURT. In this action brought by an attorney to impress a trust upon legal fees received by the defendant, another attorney, we are of the opinion that the documentary evidence and quoted extracts from public records do not prove facts to establish prima facie any of the defenses set forth in the answer. The order appealed from should be reversed, with $20 costs, and the motion denied.

BREITEL, J. P. (dissenting). Defendant's motion for summary judgment was properly granted. The self-contained documents, unambiguously, establish the pivotal facts which destroy any right to relief in behalf of plaintiff.

Plaintiff's letter of January 8th to Mrs. Niedmann abandoned all claim to representing the client or any fees that may have been earned for services, leaving only the naked and technical willingness to execute a stipulation of substitution. The substitution, although perhaps necessary as a technical matter, was not held out as a condition to disavowal of any fee. The discussion in plaintiff's letter of the fees that the client should be prepared to pay another attorney conclusively shows that plaintiff was reserving no interest in any fees, past or future.

Defendant's letter of January 12th to plaintiff's father was definitely an undertaking to pay plaintiff half of any fee that might be obtained by defendant. We need not consider whether such an agreement was illegal or without consideration, for that agreement and the undertaking thereunder was unequivocally repudiated and disclaimed by plaintiff in the affidavits he filed in the Federal court proceedings. The effect of the repudiation and disclaimer, for these were verbal acts and not admissions, was to completely end any purported obligation on the part of defendant.

The only parts of these various documents which suggest exploration into purpose, intent and background relate not to any legal rights that may exist between the parties to this action, but rather to whether improper advantage was taken of the client, Mrs. Niedmann, a now forgotten person in this transaction, or whether standards of conduct have been violated.

The order appealed from should be affirmed.

Bastow, Botein and Rabin, JJ., concur with Memorandum; Breitel, J. P., dissents and votes to affirm in opinion, in which Bergan, J., concurs.

Order reversed, with $20 costs and disbursements to the appellant and the motion denied. [See *post,* p. 886.]